IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRED COUSIN,

                Plaintiff,                Case No. 3:02 CV 7588

-vs-

                                                    <u>MEMORANDUM OPINION</u>

KROGER COMPANY,

                Defendant.

KATZ, J.

Pending before the Court is Magistrate Judge Vernelis K. Armstrong's Report and Recommendation ("R & R") filed October 22, 2004 (Doc. No. 114). In that R & R the Magistrate Judge recommended that Defendant's motion for summary judgment (Doc. No. 56) be granted and Plantiff's motion for leave to file supplemental surreply (Doc. No. 112) be denied. Plaintiff timely filed objections to the R & R (Doc. No. 115), Defendant filed a brief in opposition thereto (Doc. No. 116) and Plaintiff, acting *pro se* filed a motion to strike Defendant's brief for failure to comply with Fed. Civ. R. P. 6(a). (Doc. No. 124), which Defendant opposed (Doc. No. 125). For the reasons hereinafter stated, the Magistrate Judge's R & R will be adopted in full and the Court will grant Defendant's motion for summary judgment, deny Plaintiff's motion for leave to file a supplemental surreply and overrule Plaintiff's *pro se* motion to strike Defendant's brief in opposition to his objections.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & ©), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects.

**BACKGROUND**

The Magistrate Judge's R & R sets forth with particularity the factual background involved in this case. Basically, Plaintiff, an experienced meat cutter, was employed by Defendant in its Findlay and Fostoria stores. After various disagreements with a supervisor, after which intervention resulted in the matter being "resolved", Plaintiff agreed to continue working with the co-employee but failed to return to work after May 12, 2001 because he claimed his work environment was a catalyst for depression, anxiety, isolation and panic attacks. He thereafter consulted his physician and was directed by Defendant's Manager of Labor Relations, in writing, to submit a leave of absence form and a doctor's excuse. He failed to return to work thereafter or provide a request for leave or medical records showing his entitlement to medical leave. He was discharged on June 25, 2001 for failure to provide the requested medical records or request for leave.

As indicated in the R & R, Plaintiff sought both administrative review and filed grievances, as to which his union recommended that the grievances be withdrawn as being unsupportable. He then filed claims before the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission, both of which indicated to him that the information obtained as a result of their investigation could not establish a violation of federal and/or Ohio statutes regarding discrimination in employment. In December 2002 the complaint in this case was filed alleging unfair labor practices and employment discrimination based on race and

retaliation, later amended to add a discrimination claim based on disability. Defendant thereafter sought summary judgment on the basis that Plaintiff's claims are without merit, or in the alternative, barred by fraud in his application for work with Defend ant.

      A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some

type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### DISCUSSION

In his amended complaint Plaintiff alleges the following four causes of action: discrimination based on disability, racial discrimination under state and federal laws, retaliation, and harassment. Having reviewed in full the motion for summary judgment and the memoranda

filed by the parties in connection thereto, the Magistrate Judge's R & R, Plaintiff's objections thereto and Defendant's opposition to those objections, the Court concludes that the reasoning and legal citations relied upon by the Magistrate Judge clearly support her recommendation to this Court to grant Defendant's motion for summary judgment. Because the R & R contains clear and concise statement of the facts and the law involved in this case, it will be incorporated by reference and adopted in the memorandum opinion as if full rewritten herein. '

Therefore, the R & R is adopted in its entirety and Plaintiff's motion to file a supplemental surreply (Doc. No. 112) is denied, Defendant's motion for summary judgment (Doc. No. 56) is granted, Plaintiff's motion to strike (Doc. No. 124) is denied for the reason that said brief was filed within rule pursuant to Civ. R. 6(a); the brief was due November 15, 2004 and filed November 12, 2004. This cause dismissed with prejudice.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE